UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HOWARD BERNSTEIN, on behalf of himself and all others similarly situated,**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**BRISTOL-MYERS SQUIBB CO., et al.,**<br><br>　　Defendant. | Civ. No. 21-20452 (KM) (CLW)<br><br>OPINION |

### KEVIN MCNULTY, U.S.D.J.:

Plaintiff Howard Bernstein, on behalf of himself and others similarly situated, filed this putative class action against Defendant Bristol-Myers Squibb Company ("BMS") and several of its directors and officers (collectively, "Defendants") in New Jersey state court, alleging that the Form S-4 registration statement BMS filed with the U.S. Securities and Exchange Commission pertaining to certain Contingent Value Rights (the "Registration Statement") was false and misleading, in violation of the Securities Act of 1933, 15. U.S.C. § 77a *et seq*.

Now before the Court are Defendants' motion to transfer venue, and Plaintiff's motion to remand the case to state court. For the reasons expressed below, Plaintiff's motion to remand is **GRANTED**, and Defendants' motion to transfer venue is **DENIED**.

## I.　BACKGROUND

On November 12, 2021, Plaintiff filed the complaint in this action in the Superior Court of New Jersey, Law Division, Union County. (DE 1 Ex. 2.) The complaint is related to BMS's 2019 acquisition of Celgene Corporation, the consummation of which included BMS issuing approximately 714.9 million new shares of common stock and 714.9 Contingent Value Rights ("CVRs") to

former holders of Celgene stock. (DE 1 Ex. 2 ¶ 6.) Plaintiff alleges that the Registration Statement BMS filed in connection with the acquisition was false and misleading, in violation of the Securities Act of 1933 (the "'33 Act"), because it failed to disclose actions BMS was taking that would delay approval by the Food and Drug Administration of a blockbuster cancer therapy Celgene had been developing, thereby preventing a $6.4 billion payout promised to CVR holders. (DE 1 Ex. 2 ¶ 6.)

On December 10, 2021, BMS timely removed the case to this Court, asserting federal subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) *et seq.* (*See* DE 1.) On the same day, Defendants filed a motion to transfer the case to the United States District Court for the Southern District of New York, arguing that transfer is appropriate because three substantially similar actions already were pending in the Southern District of New York. (DE 2.) On December 15, 2021, Plaintiff filed a motion to remand the case to state court pursuant to 28 U.S.C. § 1447(c), arguing that 15 U.S.C. § 77v(a), the "removal ban," prohibits the removal of cases, such as this one, "arising under" the '33 Act. (DE 8.) Plaintiff also seeks counsel fees and costs incurred as a result of improper removal. On January 11, 2022, Defendants filed a brief in opposition to Plaintiff's motion for remand (DE 14), and Plaintiff filed a brief in opposition to Defendants' motion to transfer venue (DE 15). On January 19, the parties filed reply briefs in further support of their motions. (DE 18; DE 19.)

The Court will take up Plaintiff's motion to remand first, as Defendants' motion to transfer need only be considered if the Court determines that the case was properly removed to federal court in the first instance.

## II. DISCUSSION

### a. Motion to Remand.

CAFA does not provide federal subject matter jurisdiction over this case. It is true, as Defendants point out, that the case meets the threshold jurisdictional requirements of CAFA under § 1332(d)(2), which provides for removal of certain class actions. It is also true, however, that CAFA provides

that § 1332(d)(2) "shall not apply to any class action that solely involves a claim . . . concerning a covered security as defined under [section] 16(f)(3) of the Securities Act of 1933 and section 28(f)(5)(E) of the Securities Exchange Act of 1934." 28 U.S.C. § 1332(d)(9)(A) (citations omitted). Section 16(f)(3) of the '33 Act defines "covered security" as "a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 18(b) at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred." 15 U.S.C. §78bb(f)(5)(E). Looking to Section 18(b), a "covered security" is defined as "a security designated as qualified for trading in the national market . . . that is listed, or authorized for listing, on a national securities exchange." *Id.* § 77r(b); (b); *see also Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 83 & n.9 (2006) ("A 'covered security' is one traded nationally and listed on a regulated national exchange."). The CVRs at issue in this case were publicly traded on the New York Stock Exchange at the time of the alleged misrepresentation and therefore fall under the plain definition of "covered security." (DE 1 Ex. 2 ¶16, 99.) Given that the "covered security" exception applies, this Court does not have subject matter jurisdiction under CAFA.

      Unable to cite to any case in which a defendant successfully removed an analogous class action that only involved claims regarding a covered security under the '33 Act, Defendants rely primarily on legislative history and the purported underlying purpose of CAFA. When Congress drafted § 1332(d)(9)(A), say the Defendants, it only intended to carve out claims concerning covered securities brought under state law. But this Court need not consider CAFA's legislative history or statutory purpose, as the meaning of § 1332(d)(9)(A) is clear and unambiguous. *See In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 304 (3d Cir. 2010) ("It is the cardinal canon of statutory interpretation that a court must begin with the statutory language. . . When the words of a statute are unambiguous, then this first canon is also the last: judicial inquiry is complete . . . [T]he court should not consider statutory

purpose or legislative history.") (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992)) (internal citations and quotations admitted).

Even if the Court did consider Defendants' arguments from legislative history, it would not lead to a different interpretation. Defendants assert that according to the Senate Report on CAFA, the "covered security" exception was "meant to apply to 'securities class actions covered by the Securities Litigation Reform Act,' that is state law securities class actions for a 'precipitous drop in the value of its stock, based on fraud.'" DE 14 at 18 (quoting S. Rep. No. 109-14, at 29, 50). But the words "state law" seem to have originated with the Defendants themselves; they do not appear in the legislative history with respect to § 1332(d)(9)(A).[1]

Defendants' arguments from statutory purpose are similarly unconvincing. As Plaintiff correctly points out, Congress enacted CAFA to expand diversity jurisdiction, not federal question jurisdiction, and it enacted certain express exceptions so that it would "not to disturb the carefully crafted framework for litigating in this context." S. Rep. No. 109-14, at 50. That framework, of course, refers to the '33 Act and the Securities Exchange Act of 1934, and subsequent legislation that further built upon these seminal securities laws, including the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. 104-67, and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. 105-33. And it is settled law that part of that framework unquestionably includes a bar to removal of class actions, such as

---

[1] The Court notes that the Senate Report does state that "[p]ursuant to new subsection 1332(d)(9), the Act excepts from new subsection 1332(d)(2)'s grant of original jurisdiction those class actions that solely involve claims that relate to matters of corporate governance arising out of state law." S. Rep. No. 109-14, at 45. This language, however, does not appear to refer to § 1332(d)(9) as a whole. Rather, it is an explanation of the exception under § 1332(d)(9)(B) regarding class actions that solely involve a claim "that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized." This provision is distinct from the covered security exception under § 1332(d)(9)(A) and irrelevant to claims and issues currently before the Court.

this one, brought in state court alleging only '33 Act violations. *See Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund*, 138 S. Ct. 1061, 1073 (2018) ("SLUSA did nothing to strip state courts of their longstanding jurisdiction to adjudicate class actions alleging only '33 Act violations. Neither did SLUSA authorize removing such suits from state to federal court.")

The plain language of CAFA bars this Court from exercising subject matter jurisdiction over this action. The case therefore must be remanded to the state court from which it was removed.[2]

### b. Motion to Transfer Venue

In light of the Court's determination that it lacks subject matter jurisdiction and that the case must be remanded to state court, the Court need not consider the merits of Defendants' motion to transfer venue.[3] That transfer motion must be denied.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion to transfer venue is **DENIED**, and Plaintiff's motion to remand is **GRANTED** without an award of fees and costs.

An appropriate order follows.

Dated: September 22, 2022

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**

---

[2] Because this case meets the threshold requirements of CAFA under § 1332(d)(2), which provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 [and] in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," Defendants had a colorable, if incorrect, claim of jurisdiction at the time of removal. For that reason, the Court declines to award counsel fees and costs in connection with Defendants' improper removal.

[3] Notably, at least one of the substantially similar cases Defendants cite as grounds for transfer to the Southern District of New York has been remanded to New York state court, in a persuasive ruling to which my decision here is indebted. *See Williams v. Bristol-Myers Squibb Co. et al.*, No. 21-CV-9998, DE 25 (S.D.N.Y. Sept. 19, 2022).